# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00564-CR

**Mark Anthony Holland, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 62,484, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of possessing more than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). The jury assessed punishment, enhanced by two previous felony convictions, at forty years' imprisonment.

The primary issue at trial was the propriety of the search that resulted in the seizure of the contraband. Both at a pretrial suppression hearing and at trial, Trooper Abraham Gonzales testified that the car being driven by appellant was stopped for speeding. When he approached appellant's car on foot, Gonzales smelled unburned marihuana. Gonzales testified that he asked for and was given appellant's consent to search the vehicle. Before conducting the search, Gonzales frisked appellant for safety and discovered the cocaine. A quantity of marihuana was found inside the car.

Appellant also testified at both the hearing and the trial. Appellant denied that he was speeding. He also testified that, after he stopped his car, the officer approached him with his service weapon drawn. Appellant denied giving Gonzales consent to search.

The trial court overruled the motion to suppress and made written findings of fact that are consistent with the officer's testimony. At trial, the court's jury charge included an article 38.23 instruction. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). The jury was told that it was not to consider the evidence seized by the officer if it had a reasonable doubt as to whether appellant was speeding, the officer smelled marihuana, or appellant consented to the search. By convicting appellant, the jury implicitly found against him on these issues.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After receiving a copy of counsel's brief and examining the appellate record, appellant submitted a written response.

We have reviewed the record, counsel's brief, and appellant's written response. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   January 29, 2009

Do Not Publish